[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
The plaintiff, Michaela I. Alexandru, filed a four count revised complaint against the defendant, West Hartford Obstetrics Gynecology CT Page 14798 (West Hartford Obstetrics), on May 5, 2000, alleging invasion of privacy by disclosure of private facts (count one), breach of professional conduct (count two), violation of General Statutes § 52-146i and § 52-146o (count three) and intentional infliction of emotional distress (count four).
The facts leading to this action are briefly summarized as follows:
On or about April 24, 1997, the opposing counsel in litigation against Alexandru's former employer deposed Dr. W. H. Gerber, Alexandru's former treating physician at West Hartford Obstetrics. In that litigation, Alexandru named Gerber as her expert witness. Alexandru alleges that because West Hartford Obstetrics released medical records to Gerber without her consent, the release damaged her reputation and caused her severe emotional distress, financial loss and anxiety.
On May 30, 2000, the defendant filed this motion to strike all four counts.
 — I —
The defendant first moves to strike count one on the ground that acts of the defendant do not constitute an invasion of privacy because the allegations in count one are insufficient to show that the disclosure would be highly offensive to a reasonable person.
A `private facts' claim is actionable only if the matter publicized is of a kind that (a) would be highly offensive to a reasonable person, and (b) is not of legitimate concern to the public. Goodrich v. WaterburyRepublican-American, Inc., 188 Conn. 107, 133, 438 A.2d 1317 (1982).
The plaintiff named Dr. Gerber as her expert witness in a lawsuit that she initiated and his publication of the plaintiff's medical records in the course of his deposition simply fail to amount to highly offensive publicity or to unreasonable publication as required by this tort. Motion to strike count one is granted.
 — II —
The defendant moves to strike count two on the ground that it fails to comply with the requirements of General Statutes § 52-190a, which requires a certificate of good faith prior to filing a negligence action against a health care provider. Defendant claims that because the defendant is a health care provider, count two amounts to a claim of medical negligence and as such the plaintiff should have filed a certificate of good faith with the revised complaint as mandated by CT Page 14799 § 52-190a.
It is clear that § 52-190a is inapplicable to this case because the complaint does not call into question care or treatment by the defendant.
Motion to strike count two is denied.
 — III —
In count three plaintiff alleges that defendant violated the two statutes: General Statutes § 52-146i provides:
"Labeling of confidential records. All written communications or records disclosed to another person or agency shall bear the following statement: "The confidentiality of this record is required under chapter 899 of the Connecticut general statutes. This material shall not be transmitted to anyone without written consent or other authorization as provided in the aforementioned statutes.' A copy of the consent form specifying to whom and for what specific use the communication or record is transmitted or a statement setting forth any other statutory authorization for transmittal and the limitations imposed thereon shall accompany such communication or record. In cases where the disclosure is made orally, the person disclosing the information shall inform the recipient that such information is governed by the provisions of sections52-146d to 52-146j, inclusive.
General Statutes § 52-146o provides:
"Disclosure of patient communication or information by physician, surgeon or health care provider prohibited. (a) Except as provided in sections52-146c to 52-146j, inclusive, and subsection (b) of this section, in any civil action or any proceeding preliminary thereto or in any probate, legislative or administrative proceeding, a physician or surgeon, as defined in subsection (b) of section 20-7b, shall not disclose (1) any communication made to him by, or any information obtained by him from, a patient or the conservator or guardian of a patient with respect to any actual or supposed physical or mental disease or disorder or (2) any information obtained by personal examination of a patient, unless the patient or his authorized representative explicitly consents to such disclosure."
The defendant moves to strike count three on the ground that neither General Statutes § 52-146i nor § 52-146o applies to the circumstances of the case because plaintiff fails to allege communications protected by those statutes. CT Page 14800
Where the language of the statute is clear and unambiguous, it is assumed that the words themselves express the intent of the legislature and there is no need for statutory construction or a review of the legislative history. All Brand Importers, Inc. v. Dept. of LiquorControl, 213 Conn. 184, 195, 567 A.2d 1156 (1989). The words used in a statute must be given their commonly approved meaning, unless a contrary intent is clearly expressed. Smith v. Safeco Ins. Co. of America,225 Conn. 566, 570, 624 A.2d 892 (1993). General Statutes (Rev. to 1991) § 52-146o (a) provides that a physician "shall not disclose . . . any communication made to him by . . . a patient . . . unless the patient or his authorized representative explicitly consents to such disclosure." Our Supreme Court has stated that this statute created a broad physician-patient privilege and its purpose was to protect the confidentiality of communications between a physician and a patient.Edelstein v. Dept. of Public Health Addiction Services, 240 Conn. 658,662, 692 A.2d 803 (1997).
Contrary to the defendant's argument, General Statutes § 52-146o
(a) applies to plaintiff's claim and clearly requires that a physician or health care provider receive explicit consent from a patient before disclosing that patient's physical examination in a civil action. Motion to strike count three is denied.
 — IV —
Finally, the defendant characterizes count four as a claim for false light invasion of privacy and therefore moves to strike it on the ground that the plaintiff fails to allege sufficiently the elements of this cause of action. The plaintiff, however, has characterized count four as claiming intentional infliction of emotional distress in her Objection to Request to Revise, filed January 3, 2000. Taking the allegations in the light most favorable to the plaintiff, count four is construed as claiming intentional infliction of emotional distress.
One of the essential elements of this tort is that defendant's conduct was extreme and outrageous; that is "conduct exceeding all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind."DeLaurentis v. New Haven, 220 Conn. 225, 266-67, 597 A.2d 807 (1991). Whether a defendant's conduct is sufficient to satisfy the requirement that it be extreme and outrageous is initially a question for the court to determine. Appleton v. Board of Education, 254 Conn. 205, 210,757 A.2d 1059 (2000). It is determined that plaintiff has failed to show that defendant's conduct in disclosing her medical records was extreme and outrageous. CT Page 14801
Even construing count four as claiming false light invasion of privacy, the plaintiff has failed to allege sufficiently the elements of the cause of action which requires: "(a) the false light in which the other was placed would be highly offensive to a reasonable person, and (b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed." Goodrich v. Waterbury Republican-American, Inc.,
supra, 188 Conn. 131, quoting 3 Restatement (Second), Torts 652E. Even when viewed in the light most favorable to the plaintiff, the facts do not sufficiently establish publication insufficient to meet the requirements of this tort.
In summary, defendant's Motion to Strike is granted as to Counts One and Four and denied as to Counts Two and Three.
Wagner, J., TJR